# Brummell v. Crook.

*Suit in Ejectment on Tax Title.*

1. *Ascertainment of taxes paid by plaintiff.*—When, in a suit in ejectment founded on a tax title, a recovery is defeated on the ground that the tax sale was invalid for any other reason than that the taxes were not due, and the court proceeds under the statute (Code of 1896, §4083) to ascertain the amount of the taxes for which the lands were liable at the time of the sale, etc., the court has power to determine the relative value of the land in suit and other lands on which the taxes were assessed and paid in gross, and render judgment for plaintiff for the proportionate share of such taxes due on the lands in suit.

2. *Rights of sub-purchaser.*—The fact, that a sub-purchaser of lands
        held under tax title, included and paid the amount of the
        taxes for which the lands were sold as a part of the purchase
        money for the lands sued for, together with other lands, does
        not prevent a recovery of such taxes on failure of the tax title
        under Code of 1896, §4083.

APPEAL from Calhoun Circuit Court.
Tried before Hon. GEO. E. BREWER.

BLACKWELL & KEITH, for appellants, cited, Black-well on Tax Titles, 278-9.

S. D. G. BROTHERS, *contra,* cited, Code of 1886, §600.

COLEMAN, J.—The appellee sued in ejectment to recover a certain described lot therein lying and being in the city of Anniston. The plaintiff relied upon a tax title. A recovery was defeated for reasons other than that the taxes were not due, and upon motion of plaintiff, the court forthwith impanneled a jury as provided in section 4083 of the Code of 1896. The question presented for review is, first, whether, under the facts, the plaintiff was entitled to recover anything, and if so, was the amount specified by the court correct? The facts are as follows: Lot twelve, as a whole, belonged to one Frye. He sold and conveyed a portion, the part now in controversy, to defendants. After this sale, Frye executed a mortgage to the Chattanooga Savings Bank upon the balance of the lot. The mortgage provided that the mortgagee might pay any taxes assessed against the mortgaged property, and the mortgage should stand as a security for such assessments. After the sale the entire lot was assessed, just as before the sale of a part to defendants. The owner defaulted in the payment of the taxes assessed against the lot, and the whole lot was sold for taxes. The Chattanooga Savings Bank became the purchaser. The mortgagor subsequently defaulted, and the property was advertised for foreclosure. Before the sale and in contemplation thereof, the amount due as the mortgage debt, and also the amount paid at the tax sale by the mortgagee was ascertained, and it was understood and agreed between the mortgagee and the plaintiff, that she would bid and pay the full amount thus ascertained, including the debt and taxes, and the

mortgagee agreed to make a deed to the property included in the mortgage and also whatever interest it acquired and owned by the purchase at the tax sale. It was shown, and not controverted, that the relative value of the part sold to defendants to the whole was about one-fourth.

The appellants contend that the circuit court had no authority or jurisdiction to make an apportionment and ascertain the proportionate value. No authority is cited in support of the proposition, and we can perceive no good reason for such contention. Furthermore, we are of opinion that defendant can have no grounds of complaint, if instead of having the entire amount assessed against the whole lot to pay, he is required to pay only one-fourth part. We are of opinion the court ruled rightly on this question.

It is further contended, that the foreclosure of the mortgage and the payment of the mortgage debt and the taxes for which the lot was sold, to the mortgagee, extinguished the claim for taxes paid prior to the foreclosure, and that the plaintiff got all she purchased, and paid only what she agreed to pay. There is some foundation in the argument, but the statute, section 4083, seems to be plain and unmistakable. It declares that "If in any suit brought by the purchaser, or other person claiming under him to recover possession of lands sold for taxes, and a recovery is defeated on the ground that the sale was invalid for any other reason than that the taxes were not due, the court shall forthwith, on the motion of the plaintiff, impannel a jury to ascertain the amount of taxes for which the lands were liable at the time of the sale, and for the payment of which they were sold, with interest thereon from the date of sale, and the amount of such taxes on the lands, if any, as the plaintiff, or the person under whom he claims, has since such sale, lawfully paid," etc. The court seems to have been guided strictly by the provisions of the statute.

We find no error in the record.

Affirmed.